## MARTIN, ADM'R, v. HILL.

1. Where a joint obligation would survive upon the death of one of the obligors, against his heirs and personal representatives, a judgment founded it, will also survive against them, upon the death of one of the parties to the judgment.

2. .When a party to a suit in this Court dies, pending the suit, and it is abated as to him, it becomes several as to him, and is not merged in the judgment of this Court, against the other parties to the judgment, and their sureties.

Error to the Circuit Court of Montgomery.

This was a proceeding upon the settlement of the estate of Joseph Fitzpatrick.

The defendant in error presented a claim against the estate, consisting of a judgment obtained by him in the Circuit Court of Macon, against the plaintiff's intestate, and others. For answer to this demand, the defendant pleaded, that the judgment aforesaid, was by the defendant thereto, taken to the Supreme Court, and bond given to supersede the execution. That whilst the suit was pending in the Supreme Court, the death of his intestate was suggested, and by the judgment of the Court, the suit was abated as to him, and judgment rendered against the other defendants to the judgment. To this plea, the claimant demurred, and the Court sustained the demurrer, and rendered judgment, from which this writ is prosecuted. The error assigned, is the sustaining the demurrer to the plea.

A. MARTIN, for plaintiff in error, cited 4 Ala. Rep. 9; 6 id. 422.

HARRIS, contra, cited 2 Saunders, 101.

ORMOND, J.—We think this case is within the equity of the statute, providing that joint obligations shall survive against the representatives of the deceased obligors. [Clay's Dig. 323.] Judgments are not, it is true, specifically mentioned in the statute, but as the obligation itself would have survived, the judgment founded upon it must have the same attribute.

The principal reliance of the plaintiff in error, is upon the supposed merger of the judgment of the inferior Court, by the affirmance of that judgment in this Court, against the other defendants and their surety, as was held in Wiswall v. Munroe, 4 Alabama Reports, 9. By the death of Joseph Fitzpatrick, the original judgment, by the operation of the statute above referred to, became several, and might be revived against his representa tives; and if not revived, became a debt due from them to the plaintiff, upon which a suit might be brought. The prosecution of this claim in the Orphans' Court, is, in effect, the institution of a suit upon the judgment, which, we have seen, is maintainable. The merger of the judgment against the surviving defendants, has no influence whatever upon this question, as, by the death of Joseph Fitzpatrick, the judgment, as to him became several.

Let the judgment be affirmed.